IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

MICHAEL TAPIA,
          Plaintiff,

-vs-                                      Case No. A-14-CA-135-SS

CITIMORTGAGE, INC.,
          Defendant.

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendant CitiMortgage, Inc.'s Motion to Dismiss [#5],[1] and Defendant CitiMortgage, Inc.'s Amended Motion to Dismiss [#6], to which Plaintiff Michael Tapia has not responded. Having reviewed the documents, the relevant law, and the file as a whole, the Court now enters the following opinion and orders.

### Background

This is Plaintiff Michael Tapia's second lawsuit against Defendant CitiMortgage, Inc. related to the foreclosure of his property located at 451 Buckingham Drive, Kyle, Texas 78640. This Court dismissed the first lawsuit without prejudice on January 29, 2013. *See Tapia v. CitiMortgage, Inc.*, No. 1:12-cv-1015 (W.D. Tex. Jan. 29, 2013). Now, in order to stall the foreclosure scheduled for February 4, 2014, Tapia filed a second lawsuit in state court, which CitiMortgage removed to this Court on February 12, 2014.

---

[1] This motion is DISMISSED AS MOOT.

The claims relate to a promissory note and deed of trust executed by Tapia in favor of Prestige Lending Services, Ltd. on July 27, 2007. The deed of trust was assigned to CitiMortgage on September 27, 2010, and on October 2, 2012, Tapia filed the first lawsuit in an effort to prevent the foreclosure sale scheduled for that same day. In this first suit, Tapia alleged a number of causes of action, all premised on the contention CitiMortgage could not foreclose because it was not the holder of the note, which had allegedly been bifurcated from the deed of trust. This "split-the-note" theory has been rejected by the Fifth Circuit, and the Court granted CitiMortgage's motion to dismiss.

In the instant lawsuit, Tapia alleges CitiMortgage: (1) does not have the authority as the mortgage servicer to foreclose; (2) violated the Truth in Lending Act (TILA); and (3) breached the deed of trust. Tapia seeks injunctive and declaratory relief, as well as damages and attorneys' fees. On March 3, 2014, CitiMortgage filed a motion to dismiss. On March 20, 2014, the Court granted Tapia's request for an extension of time until March 27, 2014, to file a response. To date, Tapia has yet to file a response, and the Court now addresses CitiMortgage's motion to dismiss.

## Analysis

As an initial matter, the Court notes Tapia has failed to respond to CitiMortgage's motion to dismiss, and therefore the Court grants the motion as unopposed. *See* Local Rule CV-7(e)(2). Nevertheless, the Court briefly addresses the merits of the motion.

**I.      Rule 12(b)(6)—Legal Standard**

Federal Rule of Civil Procedure 8(a)(2) requires a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A motion under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss a complaint for

"failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In deciding a motion to dismiss under 12(b)(6), a court generally accepts as true all factual allegations contained within the complaint. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). The plaintiff must plead sufficient facts to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although a plaintiff's factual allegations need not establish the defendant is probably liable, they must establish more than a "sheer possibility" that a defendant has acted unlawfully. *Id.* Determining plausibility is a "context-specific task," that must be performed in light of a court's "judicial experience and common sense." *Id.* at 679. In deciding a motion to dismiss, courts may consider the complaint, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, such as documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

**II.    Application**

**A.    CitiMortgage is Authorized to Foreclose**

Tapia first contends CitiMortgage cannot foreclose because there is no indication it is the mortgage servicer. *See* Not. of Removal [#1-2], Ex. 1 (Orig. Pet. from Second Lawsuit), ¶ 10. At

the same time, Tapia asks the Court to take judicial notice of the assignment of the deed of trust from Mortgage Electronic Registration Systems, Inc. (MERS), as Prestige's nominee, to CitiMortgage on September 27, 2010. *See id.*, ¶ 8.

In Texas, the parties' relationship to the deed of trust is the relevant inquiry when determining the authority to foreclose. *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 253–56 (5th Cir. 2013). Texas law also allows a mortgage servicer to administer the foreclosure of property on behalf of a mortgagee—a term which is, with one exception, defined solely in terms of ownership of, or a beneficial interest in, a deed of trust. *See* TEX. PROP. CODE §§ 51.0001(4), 51.0025. The single exception is "a book entry system," such as MERS, which is also a mortgagee under Texas law. *See id.* § 51.0001(4)(B). However, even this is not truly an exception, as "book entry system" is itself defined as "a national book entry system for registering a beneficial interest in a security instrument that acts as a nominee for the grantee, beneficiary, owner, or holder of the security instrument and its successors and assigns." *Id.* § 51.0001(1). A "mortgagee" is defined in a number of different ways, including "if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record." *Id.* § 51.0001(4)(c)f.

In this case, there is no dispute the deed of trust was assigned to CitiMortgage on September 27, 2010, and recorded in Hays County, Texas. *See* Def.'s Mot. Dismiss [#6-2], Ex. B (Assignment). Therefore, because CitiMortgage is the mortgagee under Texas law, it is authorized to foreclose, and Tapia's claim must be dismissed.

**B.    TILA Violations**

Tapia alleges CitiMortgage violated 15 U.S.C. § 1641(g) by failing to record a transfer of the loan in the "Hays County Records within 30 days" of the transfer and by failing to provide him with

notice the loan had been assigned. Orig. Pet. from Second Lawsuit, at 11–12. Neither TILA nor Texas law, however, required CitiMortgage to record all transfers of the Deed of Trust. Texas is a permissive recording state, and "Texas courts have consistently held that recordation is not necessary for liens, deeds, or deeds of trust to be enforceable against the parties to those instruments." *Preston v. Seterus, Inc.*, 931 F. Supp. 2d 743, 755 (N.D. Tex. 2013) (citation omitted); *Herrera v. Wells Fargo Bank, N.A.*, No. H-13-68, 2013 WL 961511, at *9 (S.D. Tex. Mar. 12, 2013) ("The failure to . . . record the assignment of the deed of trust when it was executed, and the foreclosure before the assignment was recorded, do not as a matter of law give rise to a [] claim."). Therefore, CitiMortgage was not obligated to record any transfers of the Deed of Trust or Note, and its alleged failure to record any such transfers cannot support a claim.

Alternatively, Tapia's TILA claim is barred by the statute of limitations. "Any action [for damages] under [TILA] may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). Here, the alleged TILA violation accrued when the loan was transferred and recorded on September 27, 2010, making the deadline to bring the alleged TILA violation September 27, 2011. Tapia filed his first lawsuit in October 2, 2012, which was past the one-year deadline. *See* Def.'s Mot. Dismiss [#6-1], Ex. A (Orig. Pet. from First Lawsuit). Moreover, between the dismissal of this first lawsuit on January 29, 2013, and the filing of his second lawsuit on February 4, 2014, a little more than a year passed. Therefore, Tapia's TILA claim is time-barred.

Tapia contends the statute of limitations was tolled because the alleged violation was concealed. *See* Orig. Pet., ¶ 11. The Court fails to see how the alleged violation was concealed when the transfer was recorded in the Hays County public records on September 27, 2010.

Furthermore, in his first lawsuit filed in October 2012, Tapia alleged "[o]n or about September 27, 2010, a document entitled 'Assignment of Mortgage' was filed." *See* Orig. Pet. from First Lawsuit, ¶ 15. Accordingly, Tapia was aware of this alleged TILA violation in October 2012 and did not raise the claim in this first lawsuit. As the one-year statute of limitations began to run in September 2010—and expired at the absolute latest on January 29, 2014, one year after Tapia's first lawsuit was dismissed—his argument for equitable tolling has no merit. The Court denies Tapia's TILA claim as time-barred.

### C.  Breach of Contract

Under Texas law, the elements of a breach of contract claim are: (1) there is a valid, enforceable contract; (2) the plaintiff performed, tendered performance of, or was excused from performing its contractual obligations; (3) the defendant breached the contract; and (4) the defendant's breach caused the plaintiff injury. *Winchek v. Am. Express Travel Related Servs.*, 232 S.W.3d 197, 202 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

In this case, Tapia's breach of contract claim appears to be premised on the deed of trust and the alleged TILA violation. According to Tapia, "[t]he contract was breached when the new owner of the indebtedness (not just the mortgage servicer) violated federal statute by failing to provide proper notice, and/or when the Plaintiff's loan and/or promissory note became securitized and became owned by parties/entities not disclosed to them." *See* Orig. Pet. in Second Lawsuit, ¶ 15.

Tapia's breach of contract claim fails for a variety of reasons. First, Tapia fails to identify the provision of the contract CitiMortgage allegedly violated. Apparently Tapia believes CitiMortgage breached the deed of trust when it allegedly securitized his loan and pooled it with other mortgages while never disclosing to Tapia the owner of the debt. Tapia, though, does not

direct the Court to any provision in the deed of trust which forbids CitiMortgage from taking such an action (even if CitiMortgage did so as Tapia alleges). Second, Tapia does not even allege he performed his obligations under the loan by making timely payments, and instead indicates the opposite. *See id.*, ¶ 16 ("[T]his breach occurred well before the mortgagee accelerated the indebtedness."). Finally, as described above, Tapia's TILA claim has no merit, and therefore his breach of contract claim premised on a TILA violation fails.

## Conclusion

Tapia's allegations rely on rejected legal theories, and he fails to state causes of action for TILA violations or breach of contract. Therefore, all claims against CitiMortgage must be dismissed. As noted above, this is Tapia's second lawsuit concerning the foreclosure of this same property by CitiMortgage. Tapia has had ample opportunity to allege facts which would support a claim upon which relief could be granted. He has failed to do so, and the Court concludes allowing Tapia time to amend the complaint would be futile. Indeed, Tapia appears uninterested in further litigating this matter. Therefore, the Court dismisses all claims with prejudice.

Accordingly,

IT IS ORDERED that Defendant CitiMortgage, Inc.'s Motion to Dismiss [#5] is DISMISSED AS MOOT;

IT IS FURTHER ORDERED that Defendant CitiMortgage, Inc.'s Amended Motion to Dismiss [#6] is GRANTED;

       IT IS FINALLY ORDERED that Plaintiff Michael Tapia's claims against Defendant CitiMortgage, Inc. are DISMISSED WITH PREJUDICE.

SIGNED this the 7th day of April 2014.

                                               */s/ Sam Sparks*
                                   SAM SPARKS
                                   UNITED STATES DISTRICT JUDGE